# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**August 23, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**STANLEY STEWART,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0824** (BOR Appeal No. 2050222)
(Claim No. 2012004356)

**PERFORMANCE COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Stanley Stewart, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Performance Coal Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 23, 2015, in which the Board affirmed a January 13, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 12, 2014, decision denying a reopening of the claim for consideration of permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stewart, a coal miner, developed occupational pneumoconiosis in the course of his employment for Performance Coal Company. The Occupational Pneumoconiosis Board determined on January 31, 2012, that he had thirty-four years of continuous exposure to the hazards of occupational pneumoconiosis. He had shortness of breath for ten to fifteen years and a chronic cough for ten to twelve. Examination showed Mr. Stewart was in good clinical condition and was not in any respiratory distress. The Occupational Pneumoconiosis Board found 0% whole person impairment. Based on its determination, the claims administrator granted a 0%

permanent partial disability award on March 19, 2012. The Office of Judges affirmed the decision on March 14, 2014, and its Order was not appealed.

On February 9, 2013, George Zaldivar, M.D., performed an independent medical evaluation in which he opined that Mr. Stewart had developed asthma since his original evaluation by the Occupational Pneumoconiosis Board in 2004. This was seen by his fully reversible airway obstruction during testing. Dr. Zaldivar found no evidence to justify a diagnosis of clinical occupational pneumoconiosis. He said that Mr. Stewart has radiographic evidence of occupational pneumoconiosis but there is no clinical evidence he has any impairment at all as a result. Dr. Zaldivar noted that he did not complete his testing that day because Mr. Stewart reported shortness of breath; however, Dr. Zaldivar stated that he had normal blood gases and had no physiological reason to stop the testing. Dr. Zaldivar found no pulmonary impairment.

An evaluation by Donald Rasmussen, M.D., on July 8, 2013, indicates ventilatory function studies were normal without significant change following bronchodilator therapy. Total lung capacity, residual volume, single breath carbon monoxide diffusing capacity, and resting blood gases were all also normal. An incremental treadmill study was moderately impaired. Dr. Rasmussen found that Mr. Stewart had clinical occupational pneumoconiosis which was the primary cause of his moderate impairment in respiratory function.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on January 8, 2014. John Willis, M.D., testified on behalf of the Board that Mr. Stewart's films were negative for occupational pneumoconiosis until 2004. The 2012 film has nodular fibrosis consistent with simple occupational pneumoconiosis and there were similar findings in 2013. He agreed that there may be some coalescence on the 2012 and 2013 studies but he found no nodules. He concluded that there was not sufficient evidence to diagnose complicated occupational pneumoconiosis. Jack Kinder, M.D., testified on behalf of the Board that studies by Dr. Rasmussen and Dr. Zaldivar appear to be valid. Dr. Rasmussen's study would indicate 15% impairment while Dr. Zaldivar's shows none. Dr. Kinder noted that there was quite a change between pre and post-bronchodilator medication. Post-bronchodilator tests were within normal limits. He agreed that if occupational pneumoconiosis were causing the impairment, one would expect the post-bronchodilator testing to still show impairment. He therefore concluded that Mr. Stewart had no permanent impairment as a result of occupational pneumoconiosis. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred.

On March 9, 2014, Mr. Stewart underwent an independent medical evaluation by Robert Cohen, M.D. Dr. Cohen noted that Mr. Stewart began smoking when he was twenty years old. He smoked one half to three fourths of a pack a day until he quit thirteen years later in 1990. He was a coal miner for thirty-five years. Dr. Cohen opined that Mr. Stewart suffers from occupational pneumoconiosis. His opinion was based on the occupational history as well as pulmonary function testing which showed mild to moderate, reversible obstructive defect. Also, Mr. Stewart has exhibited consistent symptoms of a chronic lung disease for fifteen years and cardiopulmonary exercise testing was markedly abnormal with significant hypoxemia. Finally, imaging studies were positive for occupational pneumoconiosis. Dr. Cohen therefore concluded

that Mr. Stewart's work and smoking history were significantly contributory to his pulmonary dysfunction, specifically his gas exchange abnormalities with exercise. Dr. Cohen stated that Mr. Stewart's resulting respiratory impairment was disabling for his last job as a continuous miner operator. Additional testing from the Occupational Lung Center on September 3, 2014, showed normal pulmonary function.

The claims administrator denied a reopening of the claim for an additional permanent partial disability award on May 12, 2014. The Office of Judges affirmed the decision in its January 13, 2015, Order. It stated that under West Virginia Code § 23-5-2 (2005) and West Virginia Code § 23-5-3 (2009), a claimant must show an aggravation or progression of the compensable condition or some other fact or facts not previously considered in order for a claim to be reopened for additional permanent partial disability. The Office of Judges determined that Mr. Stewart failed to meet this burden of proof. The Office of Judges found that Dr. Rasmussen's studies were previously considered by the Office of Judges in its March 14, 2014, Order granting no permanent partial disability award for occupational pneumoconiosis. The Order was not appealed. The Office of Judges further determined that Dr. Cohen offered no opinion as to a progression or aggravation of impairment or as to any degree of impairment due to occupational pneumoconiosis. Lastly, the Office of Judges found that the most recent studies, dated September 3, 2014, from the Occupational Lung Center, were within normal limits. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 23, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Mr. Stewart has failed to show that he has suffered a progression or aggravation of his occupational pneumoconiosis. In fact, he has not persuasively shown that he suffers any impairment from occupational pneumoconiosis. Though radiological findings show that he has occupational pneumoconiosis, the Occupational Pneumoconiosis Board persuasively testified before the Office of Judges that he suffers from simple occupational pneumoconiosis only and has no permanent impairment as a result. Further, the report of Dr. Cohen, which Mr. Stewart relies on for reopening, does not contain a finding of a progression or aggravation of occupational pneumoconiosis, nor does it contain an impairment rating.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: August 23, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified

4